UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Romaro Kincaid,** | ) | **CASE NO. 1:09 CV 00890** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Robert Welch, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Gallas (Doc. 8), which recommends denying and dismissing the Petition for Writ of Habeas Corpus now pending before the Court.  For the following reasons, the Report and Recommendation is ACCEPTED.

**INTRODUCTION**

Petitioner, Romaro Kincaid, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner is incarcerated after a trial to a three-judge panel which found him guilty on two counts for aggravated robbery of Michael Beaufort and two counts for murder of Raymond Maxwell.  This matter has been fully briefed.  The

1

Magistrate Judge issued his Report and Recommendation recommending that the petition be denied because petitioner has not demonstrated that he is in state custody pursuant to a state court judgment that was contrary to or involved an unreasonable application of federal law as determined by the Supreme Court of the United States, or an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Petitioner objects to the Report and Recommendation.

**STANDARD OF REVIEW**

Rule 8(b)(4) of the Rules Governing Section 2254 Cases in the United States District Courts provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

**DISCUSSION**

The Magistrate Judge concluded that petitioner has not demonstrated he is in state custody pursuant to a state court judgment that was contrary to or involved an unreasonable application of federal law as determined by the Supreme Court of the United States, or an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Court accepts this determination.

The petition sets forth three grounds for relief:  1) the murder conviction violates the Fourteenth Amendment where there was insufficient evidence to convict petitioner; 2) the murder conviction violates the Fourteenth Amendment where the trial judges failed to consider the lesser offense of involuntary manslaughter as there was insufficient evidence to convince a rational fact finder that petitioner had the purpose to cause the death of another; and 3)

2

petitioner's sentence violates the Fifth and Fourteenth Amendments where he was sentenced consecutively for aggravated robbery and murder, as those offenses were part of the same transaction and should have been merged.

### A. Ground One: Sufficiency of the Evidence Claim

Petitioner first objects that it was improper and prejudicial for the Magistrate Judge to issue a recommendation on the sufficiency of the evidence claim when the Magistrate Judge did not have a trial transcript. Upon review, the Court finds this objection to be without merit. The Sixth Circuit has held that the district court need not examine trial records if "(1) the state court opinions summarize the trial testimony or relevant facts; and (2) the petitioner does not quarrel with that summary and instead contends only that the trier of fact should have reached a different conclusion." *Clark v. Waller,* 490 F.3d 551, 556 (6th Cir. 2007). In this case, the state court summarized the relevant facts and testimony. Although petitioner argues that he "does not agree with the recitation of facts by the Court of Appeals and set forth his own version of the facts which differed from that of the Court of Appeals," the Court's review indicates the state court opinion's factual summary and petitioner's facts do not conflict. Petitioner is not challenging the factual summary set forth by the state court. Petitioner, in support of his sufficiency of the evidence claim, instead points out alleged factual deficiencies in his statement of the facts. The Court thus agrees with the Magistrate Judge's finding that the Court need not reference the trial transcript to adjudicate petitioner's sufficiency of the evidence claim.

Petitioner next objects to the Magistrate Judge's determination that his murder convictions were supported by sufficient evidence. For his objection, petitioner repeats verbatim the claim he presented in his petition. Petitioner argues that the evidence presented at trial was

insufficient to sustain his murder convictions for the following reasons: the murder victim, Raymond Maxwell, was not the intended victim of the aggravated robbery; there was no evidence about Raymond Maxwell prior to the robbery; there was no evidence that anyone knew Maxwell was in the vehicle; and no gunshot residue testing was done to indicate the distance of the gunshot.

Upon review, the Court finds petitioner has not shown the state court's decision was an unreasonable application of clearly established federal law. The appellate court discussed the evidence supporting petitioner's convictions:

> {¶ 20} Here, defendant was convicted of two counts of murder in violation of R.C. 2903.02(A) and (B). R.C. 2903.02(A) provides that "no person shall purposely cause the death of another." To find the defendant guilty of murder under R.C. 2903.02(A), the fact finder would have to find that the defendant purposely caused the death of Maxwell.
>
> {¶ 21} A person acts "purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature." R.C. 2901.22(A).
>
> {¶ 22} Intent to kill "may be deduced from all the surrounding circumstances, including the instrument used to produce death, its tendency to destroy life if designed for that purpose, and the manner of inflicting a fatal wound." *State v. Eley,* 77 Ohio St.3d 174, 180, 1996-Ohio-323.
>
> {¶ 23} "Intent to kill may be reasonably inferred from the fact that a firearm is an inherently dangerous instrument, the use of which is likely to produce death." *State v. Mackey* (1999), Cuyahoga App. No. 75300; *State v. Collins,* Richland App. No.2003-CA-0073, 2005-Ohio-1642. Specifically, the act of pointing a firearm and firing it in the direction of another human being is an act with death as a natural and probable consequence. *State v. Collins, supra; State v. Turner* (1997), Franklin App. No. 97APA05-709; *State v. Brown* (1996), Cuyahoga App. No. 68761; *see, also, State v. Smith* (1993), 89 Ohio App.3d 497, 501 (finding that pointing a gun at a group of people less than 20 feet away and shooting at least one shot could be used by the trier of fact as proof of intention to kill).
>
> {¶ 24} Here, the evidence at trial showed that defendant aimed his gun into the

back seat and fired the gun as Maxwell was attempting to flee the vehicle.  This act is a strong indication that defendant intended to shoot Maxwell.  Indeed, given the close range, a trier of fact could construe the intention to shoot as proof of an intention to kill.  This was a purposeful action that cannot be deemed to fall to the level of "accidental."

{¶ 25} Defendant was also convicted of murder in violation of R.C. 2903.02(B), which provides that "no person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree and that is not a violation of section 2903.03 or 2903.04 of the Revised Code."  R.C. 2911.01(A)(1) defines aggravated robbery as "no person, in attempting or committing a theft offense * * * shall * * * have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]"

{¶ 26} Here, the defendant was convicted of committing aggravated robbery against Beaufort.  FN2  Defendant robbed Beaufort at gunpoint while Maxwell sat in the back seat.  When Maxwell tried to flee the car, defendant turned the gun onto Maxwell and shot him.  Clearly, the death of Maxwell was the proximate result of defendant committing aggravated robbery.  But for the aggravated robbery of Beaufort, Maxwell would not have been shot.

FN2. Indeed, defendant did not even appeal his conviction for aggravated

robbery.

{¶ 27} Viewing the evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that defendant had committed the crimes of murder as defined in R.C. 2903.02(A) and (B).  Accordingly, the State met its burden of production regarding each element of the crime of murder and there was sufficient evidence to support defendant's convictions.

{¶ 28} Although defendant presented testimony from attorney Friedman that he did not intend to shoot anyone, and that it was an accident, the three-judge panel, as trier of fact, was free to accept or reject any and all of the evidence offered by the defendant and assess the witness's credibility.

{¶ 29} . . . . Viewing this evidence in a light most favorable to the prosecution, we further conclude that a rational trier of fact could have found beyond a reasonable doubt that defendant was guilty of the crimes of murder.

*State v. Kincaid,* 2007 WL 1366428, ¶¶ 20-29.

Petitioner's argument that he did not intend to kill Maxwell is without merit.  The fact that he aimed and fired a loaded firearm into the back seat of the car is sufficient evidence for a trier of fact to find that he had the purpose to cause the death of another.  Further, a murder conviction under Ohio Rev. Code §2903.02(A) does not require a purpose to cause the death of a specific victim.  Additionally, the aggravated robbery was the proximate cause of Maxwell's death, satisfying the elements of Ohio Rev. Code 2903.02(B).  The Court agrees with the Magistrate Judge that petitioner's murder convictions are supported by sufficient evidence.

**B.     Ground Two:  Lesser Included Offense Claim**

Petitioner next objects to the Magistrate Judge's determination that Ground Two was not fairly presented to the state courts.  Petitioner does not otherwise respond to this determination except to repeat verbatim the claim he presented in his petition, which goes to the merits of the claim and not the issue of procedural default.  Upon review, this Court agrees with the Magistrate Judge that petitioner's claim for denial of due process for failure to give a lesser included offense instruction was not fairly presented to the state courts.  Petitioner cited only Ohio statutes and Ohio case law in his brief to the state appellate court and the Ohio Supreme Court.  The Ohio case law petitioner cited involved no federal constitutional analysis.  Petitioner only generally alleged that "as a matter of due process and fundamental fairness" he was entitled to the lesser-included offense instruction and was denied a fair trial when that instruction was not given.  This is insufficient as a matter of law to apprise the state court of the constitutional issues.  *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000).  Further, petitioner has not presented any arguments for cause or prejudice, nor has he shown actual innocence.  Ground Two is procedurally defaulted.

6

**C.     Ground Three:  Multiple Punishments**

Petitioner next objects to the Magistrate Judge's determination the consecutive sentences imposed for his aggravated robbery and murder convictions do not violate the Fifth Amendment's Double Jeopardy Clause because the convictions are for different offenses. Petitioner's objection is primarily a verbatim recitation of his original claim.  Upon review, the Court finds that petitioner's objection is without merit.  The state appellate court held that pursuant to a state statute a trial court may convict and sentence a defendant for two or more offenses arising out the same conduct or transaction if the offenses are not allied and of similar import, are committed separately, or are committed with separate animus.  Ohio Rev. Code § 2941.25.  The state appellate court further held that aggravated robbery and felony murder are not allied offenses because each can be committed without committing the other.  Thus, the legislature intended to allow cumulative punishment.  *See State v. Norman,* 738 N.E.2d 403, 416 (Ohio App.1999) ("R.C. 2941.25, the general codification of the test for allied offenses of similar import, 'is a clear indication of the General Assembly's intent to permit cumulative sentencing for the commission of certain offenses.'" (citing *State v. Rance,* 710 N.E.2d 699, 703 (Ohio 1999)).  "[O]nce a state court has determined that the state legislature intended cumulative punishments, a federal habeas court must defer to that determination."  *Banner v. Davis,* 886 F.2d 777, 780 (6th Cir. 1989).  The Court is thus bound by the determination of the state court.

**CONCLUSION**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is dismissed as without merit.  Further, this Court hereby fully incorporates the Report and Recommendation by

reference herein.  For the reasons stated above and in the Report and Recommendation, this Court finds no basis upon which to issue a certificate of appealablity.

      IT IS SO ORDERED.

                /s/ Patricia A. Gaughan
               PATRICIA A. GAUGHAN
               United States District Judge

Dated: 11/19/09